FILED
IN OPEN COURT
SEP 15 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-HC-2198-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | |
| | ) | AMENDED |
| v. | ) | SETTLEMENT AGREEMENT |
| | ) | |
| WILLIAM THORNS, | ) | |
| Respondent. | ) | |

Petitioner, the United States of America, by and through the United States Attorney for the Eastern District of North Carolina, and Respondent, William Thorns, by and through his counsel of record, Sonya M. Allen, have agreed that this matter should be concluded in accordance with terms and conditions of this agreement as follows:

1. This agreement constitutes the full and complete record of the agreement of this matter. There are no other terms of this agreement in addition to or different from the terms contained herein.

2. Respondent admits and stipulates that the United States lawfully certified Respondent as a sexually dangerous person under the Adam Walsh Act, as codified in 18 U.S.C. § 4248 pursuant to procedures established in 18 U.S.C. § 4248(a) and that said statute was upheld as constitutional in United States v. Comstock, 130 S.Ct. 1949 (2010), and again on remand to the Fourth Circuit of Appeals, in United States v. Comstock, 627 F.3d

513 (4th Cir. 2010), and that based on the above established procedures his release from imprisonment was stayed on October 29, 2007.

3. Respondent admits and stipulates that the criminal judgment against him in the matter of United States of America v. William Thorns, in the United States District Court for the Central District of California, Docket No. CR01-00959-SVW, on January 16, 2003, for possession with intent to distribute cocaine base, in violation of 2 U.S.C. § 841(a)(1), imposed upon him a five (5) year term of supervised release, and that the judgment ordered that the term of supervised release was to be served "upon release from imprisonment." Respondent admits and stipulates that, by the operation of law defined by 18 U.S.C. § 4248, his "release" from imprisonment was "stayed," and that, consequently, his term of supervised release has not commenced. See e.g. David H. Tobey v. United States, Civil Action No. DKC 10-1358 (Chasanow, Judge)(D. Md.); United States v. Marvin Vigil, Criminal No. 1:99-CR-509-LH (Hansen, Judge). A copy of the criminal judgment is attached to the proposed motion to dismiss as Exhibit B.

4. Respondent agrees and promises that, in consideration of the United States' agreement to voluntarily dismiss this action, he will not collaterally attack the order of supervised release contained in the criminal judgment against him.

5. Petitioner agrees and promises that, in consideration of Respondent's admissions and stipulations set out in Paragraphs 2 through 3 above and Respondent's agreements and promise in Paragraph 4 above, the United States will file a motion under Rule 41 of the Federal Rules of Civil Procedure asking the Court to dismiss this action and to lift the stay on Respondent's release from imprisonment.

6. Petitioner and Respondent jointly request that the Court conduct a hearing to inquire of counsel for the United States, Respondent, and Respondent's counsel whether each of them personally affirms in open court that the terms and conditions of this settlement agreement have been entered and undertaken knowingly and voluntarily after having had adequate opportunity to seek counsel.

Respectfully submitted on this the 15TH day of September, 2011.

THOMAS G. WALKER
UNITED STATES ATTORNEY

BY: _____ for
MICHAEL G. JAMES
Assistant U.S. Attorney

_____
WILLIAM THORNS
Respondent

_____
SONYA M. ALLEN
Attorney for Respondent

APPROVED, this _____ day of _____, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge