IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2198-FL

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| WILLIAM THORNS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

This matter comes before the court on petitioner's motion for voluntary dismissal with prejudice with leave of court (DE # 42), along with the amended settlement agreement (DE # 46) signed today, which replaced the original settlement agreement (DE # 42-1) that was signed by the parties on September 13, 2011. Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") wherein he recommends that the court allow the motion. The parties have executed and filed a waiver of their right to object to the M&R (DE # 48). In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendations of the magistrate judge.

Upon careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because the parties have waived their right to object, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

No objections being filed and no error found, the court hereby ADOPTS the M&R as its own and finds that respondent was fully competent to enter into the amended settlement agreement and

that he knowingly and voluntarily did so after having an adequate opportunity to confer with counsel; and that the government also knowingly and voluntarily entered into the amended settlement agreement.

IT IS THEREFORE ORDERED that:

1. the motion to dismiss (DE # 42) is ALLOWED;

2. the case is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(2);

3. the stay of respondent's release from Bureau of Prisons custody is LIFTED and respondent shall be RELEASED forthwith from Bureau of Prisons custody forth; and

4. respondent shall report to the United States Probation Office for the Central District of California within 72 hours of his release in order to comply with the order entered by that court in the case of <u>United States v. William Thorn</u>, Docket No. 2:01-CR-00959-SVW,[1] on September 13, 2011 (DE # 1349), modifying the conditions of supervised release to require him to reside for a period not to exceed six months in a residential reentry center.

The Clerk is DIRECTED to send a copy of this order to the Clerk of Court for the Central District of California, Western Division, 255 East Temple Street, Los Angeles, California 90012.

SO ORDERED, this the 17th day of September, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Court Judge

---

[1] The court notes that the docket for the Central District of California denotes petitioner's last name as "Thorn," however the court order lodged on that docket at entry 1349 correctly denotes petitioner's last name as it is used herein, as "Thorns."